```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

ELIJAH THOMAS, #251765,          *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *  CIVIL ACTION NO:13-00338-WS-B
                                 *
WARDEN GYLES, et al.,            *
                                 *
     Defendants.                 *
```

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding pro se, filed the instant action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

In his complaint, Plaintiff avers that he is currently incarcerated at Mobile Work Release in the Southern District of Alabama; however, the focus of his complaint is on an incident that is alleged to have occurred while he was incarcerated at the Ventress Correctional Facility. The Ventress facility is located in Clayton, Alabama. Clayton lies within Barbour County, which falls within the Middle District of Alabama. In his complaint, Plaintiff names as Defendants, Warden Gyles and Officer Reynolds, and asserts that they work at the Ventress

Correctional Facility. According to Plaintiff, while incarcerated at the Ventress facility, the Defendants checked him out to work with a work squad under a bridge in Barbour County, Alabama. (Doc. 1 at 4). Plaintiff contends that while working under the bridge, as he was moving one rock, another rock rolled onto his right hand, "trapping his hand between two bolders (sic), causing the Plaintiff so much pain, his hand was smashed, and busted open, and broken . . ." (Id.). Plaintiff avers that this constituted "deliberate indifference to serious medical needs, because the Defendants' were aware of Plaintiff['s] pain and suffering and fail[ed] to act alleviate." (Id., at 4-5). Plaintiff further asserts that Defendants used excessive force in making Plaintiff participate in the work release squad "knowing the bad injury in 2008-2007-1999-2000". (Id., at 5). Plaintiff seeks compensatory damages in the amounts of $100,000,000 and punitive damages in the amounts of $100,000,000 against both Defendants.[1] (Id.).

    A § 1983 action may be brought in --

> (1) a judicial district in which any defendant resides, if all defendants are

---

[1] In the section designated for relief, Plaintiff states "grant the Petition, and a trial be held at the earliest possible time". (Doc. 1 at 7). Although the dollar amounts stated are listed in the sections entitled "Claim against defendant", as best the Court can determine, these dollar amounts represent Plaintiff's claims for relief. (Id., at 5). 7).

>       residents of the State in which the district is located;
>
>       (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>       (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see <u>New Alliance Party of Ala. v. Hand</u>, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

Under 28 U.S.C. § 1406(a), when a complaint is filed laying venue in the wrong district, a district court may dismiss or, in the interests of justice, may transfer that action to any district in which it could have been brought. In applying § 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." <u>Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.</u>, 689 F.2d 982, 985 (11th Cir. 1982); <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026 (2nd Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). "Generally, the interests of justice [favor] transferring a case to the appropriate judicial district rather than dismissing it."

Simpson v. Federal Bureau of Prisons, 496 F. Supp.2d 187, 194 (D.D.C. 2007); see also Kapordelis v. Danzig, 387 Fed. App'x 905 (11th Cir. 2010)(If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been brought); Gadson v. Unnamed Defendant, 2009 U.S. Dist. LEXIS 1176 (N.D. Ga. Jan. 9, 2009)(When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought).

As noted, Plaintiff is claiming deliberate indifference and excessive force in connection with his assignment to a work release detail in Barbour County, Alabama, and has named two Defendants, Warden Gyles and Officer Reynolds, who are identified as correctional employees at Ventress Correctional Facility in Clayton, Alabama.  The Court takes judicial notice of the fact that the Ventress facility is located in Clayton, Alabama, which, in turn, is located in Barbour County, Alabama and of the fact that Barbour County falls within the Middle District of Alabama.  Accordingly, pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is the Middle District of Alabama.  Rather than recommending dismissal, the undersigned finds that, in the interests of justice, this action should be transferred to the United States District Court for the Middle District of Alabama.  It is so recommended.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **July, 2013.**

　　　　　　　　　　　　　　　　　　/s/ SONJA F. BIVINS
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**